**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**JEFFREY DOUGLAS LAW**,

Petitioner,

v.

**JOAN FABIAN, Commissioner of Corrections,**

Respondent.

Civil No. 04-4777 (JMR/JGL)

**REPORT AND RECOMMENDATION**

APPEARANCES

Deborah Ellis, Esq., for Petitioner

Jeanne L. Schleh, Esq., Assistant Ramsey County Attorney, for Respondent

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Jeffrey Law's Petition pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) and Respondent's Motion to Dismiss (Doc. No. 4). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1(c).

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner Law is a prisoner of the State of Minnesota and has

filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the legality of his confinement.  In particular, Law's Petition argues that his plea of guilty was involuntarily, inaccurately, and unintelligently entered, and that he was represented by inadequate counsel at the time he entered his plea.

On October 25, 1999, Law arrived at the residence of his estranged wife while she was at home tending to their young son and another child for whom Law's wife was providing child care.  (Mem. Supp. Pet. App. 2 at 4-5.)  Law entered the residence through a sliding glass door.  (Id. at 5.)  After taking the phone off the hook, Law pulled his wife down the stairs of the residence and choked her with a bathrobe cord.  (Id. at 5-6.)  Law stopped choking his wife when she lost consciousness.  (Id. at 6.)

On October 26, 1999, Law was charged in state court with attempted murder in the second degree.  (Id. at 3.)  Law pleaded guilty as charged on December 21, 1999.  Law v. State, No. C1-02-1876, 2003 WL 21385765, at *1 (Minn. Ct. App. June 17, 2003).  The plea was a straight plea of guilty with no agreement or joint recommendation as to sentence.  Id.  A sentencing hearing took place on March 16, 2000.  (Mem. Supp. Pet. App. 2 at 11.)  Petitioner sought a downward dispositional departure from the presumptive guidelines prison sentence.  (Id.)  The State of Minnesota,

meanwhile, sought an upward dispositional departure.  (Id.)  The Honorable James M. Campbell, Judge of Ramsey County District Court, granted Petitioner's motion for a dispositional departure upon Law's agreement that the stayed sentence be increased to 240 months.  State v. Law, 620 N.W.2d 562, 564 (Minn. Ct. App. 2000). Petitioner was represented throughout these proceedings by counsel Thomas Plunkett.  (Mem. Supp. Pet. App. 2 at 7-12.)

The State of Minnesota appealed Law's sentence.  (Id. at 13.)  On November 15, 2000, the Minnesota Court of Appeals reversed the district court's departure from the presumptive guidelines sentence and remanded the case for resentencing.  State v. Law, 620 N.W.2d 562, 566 (Minn. Ct. App. 2000).  Petitioner sought review of the decision by the Minnesota Court of Appeals, but the Minnesota Supreme Court denied such review on December 20, 2000.  (Resp't's Mem. Opp'n Pet. Ex. B.)

On January 4, 2001, Petitioner was resentenced by Judge Campbell to a guidelines executed term of 150 months in prison.  (Resp't's Reply to Pet'r's Resp. Ex. L at 12.)  The resentencing hearing transcript indicates that Petitioner was being resentenced upon his earlier adjudication of guilt.  (Id.)  On January 25, 2001, Law filed a petition for post-conviction relief in Ramsey County District Court, seeking to withdraw his guilty plea and vacate his conviction.  (Resp't's Mem. Opp'n Pet. Ex. C.)  Counsel Plunkett

filed notice of withdrawal of this petition on February 2, 2001.  (Id. Ex. D.)  On March 30, 2001, Law's newly obtained counsel, Deborah Ellis, filed a notice of appeal from the resentencing order entered on January 4, 2001, along with a statement of the case.  (Id. Ex. E at 1, 2.)  Paragraph two of the statement of the case indicates that appeal was taken "from the district court's judgment and sentencing order."  (Id. at 3.)  Paragraph five states that the issues proposed to be raised on appeal were: (1) "Whether the district court misinterpreted the [November 15, 2000] decision of [the Minnesota Court of Appeals] in concluding that [the Minnesota Court of Appeals] had directed the district court to executive the presumptive guideline sentence"; and (2) "Whether Appellant was denied due process at resentencing when the district court considered the record 'closed' at the time of the resentencing hearing."  (Id. at 4.)

On May 24, 2001, counsel Ellis filed a motion for stay of appeal pending post-conviction proceedings in the Minnesota Court of Appeals, as well as a petition for post-conviction relief in Ramsey County District Court.  (Id. Exs. F & H.)  On June 7, 2001, the Minnesota Court of Appeals dismissed the appeal.  (Id. Ex. I.)  A post-conviction evidentiary hearing was held before the Honorable E. Anne McKinsey, Judge of Hennepin County District Court, on March 15 and 18 and May 14, 2002.  (Mem. Supp. Pet. App. 2 at 1.)  The

parties submitted memoranda of law in sequence.  (Id.)  On September 6, 2002, Judge McKinsey issued an order and memorandum denying post-conviction relief.  (Id. at 2.)  Specifically, Judge McKinsey found that Law's plea was voluntarily, knowingly, and intelligently entered; accurate; and factually supported.  (Id. at 40.)  Judge McKinsey further found no ineffective representation of counsel.  (Id.)

Petitioner appealed the post-conviction order on October 28, 2002. (Resp't's Mem. Opp'n Pet. Ex. J.)  The Minnesota Court of Appeals affirmed the post-conviction order in a decision issued on June 17, 2003, addressing the same issues Law raises in his Petition before this Court.  Law v. State, No. C1-02-1876, 2003 WL 21385765 (Minn. Ct. App. June 17, 2003).  On August 19, 2003, the Minnesota Supreme Court denied further review.  (Resp't's Mem. Opp'n Pet. Ex. K.)

On November 12, 2004, Law filed his Petition for a Writ of Habeas Corpus in federal court.  In this Court's Order of November 16, 2004, Respondent was directed to show cause why a writ should not be issued. Respondent subsequently filed a Motion to Dismiss, arguing that the Petition fails to meet the one-year statute of limitations set forth by 28 U.S.C. § 2244(d).  Respondent's motion papers did not address the substantive issues raised in the Petition.  In the event this Court did not find dismissal warranted

on issues of timeliness, Respondent requested leave to file an additional memorandum addressing the merits of the underlying issues raised by Petitioner. Since statute of limitations issues must be resolved before the merits of individual claims are addressed, this Report and Recommendation is limited to issues of timeliness raised in Respondent's Motion to Dismiss. Grady v. United States, 269 F.3d 913, 916 (8th Cir. 2001).

## II. DISCUSSION

For the reasons set forth below, the Court finds that Law's Petition is time-barred and recommends that it be denied accordingly.

### A. Application of 28 U.S.C. § 2244

Under 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to habeas corpus petitions brought in federal court by state prisoners. 28 U.S.C. § 2244(d); Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). Specifically, § 2244(d) provides in relevant part:

> (1) [The] 1-year . . . limitation period shall run from the latest of —
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Petitions for federal habeas corpus relief may be denied for procedural deficiency. Painter, 247 F.3d at 1256.

The Eighth Circuit interprets § 2244(d)(1)(A) to mean that the limitations period begins upon (i) the conclusion of all direct criminal appeals in the state system followed by either the completion or denial of United States Supreme Court certiorari proceedings; or (ii) if certiorari was not sought, upon the conclusion of all direct criminal appeals in the state system followed by expiration of the time allotted for filing a petition for the writ. Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). In other words, the conclusion of direct review includes the ninety days a state court defendant has to petition for a writ of certiorari. Jihad v. Hvass, 267 F.3d 803, 804-05 (8th Cir. 2001).

Section 2244(d)(2) directs that the one-year statute of limitations is tolled while a habeas corpus petitioner exhausts available state post-conviction remedies. Id. at 805. The one-year limitations period serves the well-recognized interest in the finality of state court judgments, reducing "the potential for delay on the road to finality by restricting the time that a

prospective federal habeas petitioner has in which to seek federal habeas review." Duncan v. Walker, 533 U.S.167, 179 (2001). Thus, by tolling the limitations period for the pursuit of state remedies but not for applications for federal review, § 2244(d)(2) creates a powerful incentive for litigants to exhaust all available state remedies before proceeding in federal court. Id. at 179-80. However, once the limitations period has run, subsequent collateral action cannot revive it. Painter, 247 F.3d at 1256; Oates v. State, Civ. No. 04-3044 (ADM/FLN), 2005 WL 589618, at *2 (D. Minn. Mar. 11, 2005).

Under Minnesota Rule of Criminal Procedure 28.02, subdivision 4(3), a petitioner is required to file any direct appeal within ninety days after final judgment. Minnesota Rule of Criminal Procedure 28.02, subd. 2(1), provides that judgment is considered final upon sentencing.

In the present case, Respondent argues that only Petitioner's original sentence, not his underlying conviction, was the subject of a direct appeal. (Resp't's Mem. Opp'n Pet. at 4.) As such, Respondent suggests that, pursuant to Minnesota Rule of Criminal Procedure 28.02, subdivisions 4(3) and 2(1), Law's conviction was final on June 14, 2000, ninety days after his original sentencing on March 16, 2000. (Id.)

According to Respondent, this would mean that Petitioner's one-year clock for federal habeas relief began to run on June 14, 2000, and

continued until it was stopped, pursuant to 28 U.S.C. § 2244(d)(2), by the filing of Law's petition for post-conviction relief on January 25, 2001. (Id. at 5.)   Since Petitioner's former counsel withdrew that petition on February 2, 2001, Respondent argues that Petitioner's one-year clock began to run again on February 2, 2001, and continued to run until Petitioner's current counsel filed a subsequent petition for post-conviction relief on May 24, 2001. (Id.)  In all, Respondent calculates that 285 days elapsed between the date Petitioner's conviction became final on June 14, 2000, and the filing of the petition for post-conviction relief on January 25, 2001. (Id.)  According to Respondent, these 285 days should be added to the additional 111 days which elapsed between the time that Petitioner withdrew his petition on February 2, 2001, and the filing of his subsequent petition on May 24, 2001. (Id.)  This would result in a total elapsed time of 396 days, or more than thirty days in excess of the one year allowed by 28 U.S.C. § 2244(d). (Id.)  Under such a computation, Law's limitations period would have expired before his petition for post-conviction relief was filed on May 24, 2001, meaning that the instant Petition is untimely even if any subsequent collateral review tolled the federal habeas statute of limitations.

    Conversely, Petitioner contends that his conviction did not become final until January 4, 2001, when he was sentenced to 150 months in prison

following the State of Minnesota's appeal of his original sentence.  (Pet'r's Resp. Resp't's Mot. at 1.)  According to Petitioner, the sentence of 150 months is based upon the judgment of conviction and sentence entered on January 4, 2001, rather than the original sentencing which took place on March 16, 2000.  (Id.)  Petitioner suggests that he timely filed a direct appeal from the judgment of conviction and sentence on January 4, 2001, and thereafter requested a stay of the direct appeal in order to pursue post-conviction relief proceedings.  (Id. at 2.)  According to Petitioner, the effect of this requested stay of his direct appeal was to toll the time period during which he could seek federal habeas corpus review.  (Id.)  Therefore, Petitioner contends that his one-year clock under 28 U.S.C. § 2244(d) did not begin to run until November 19, 2003, or ninety days after the Minnesota Supreme Court denied further review of his conviction and request for post-conviction relief, and at the expiration of his time for filing a petition for a writ of certiorari with the United States Supreme Court.  (Id. at 5.)  This calculation of time would place the Petition within the one-year statute of limitations by a margin of seven days.

       Petitioner relies on <u>Duncan v. Folino</u>, an unpublished decision from the Eastern District of Pennsylvania, to support his proposition that the one-year period of limitations under the AEDPA should be traced back to the date of his resentencing.  No. CIV.A.04-2777, 2004 WL 2367832, at *2 (E.D.

Pa. Oct. 20, 2004).  To the extent that Duncan suggests that the one-year period of limitations under the AEDPA should always be traced back to the date of a petitioner's resentencing, the Court declines to follow it.

"There is a well-established body of federal case law that interprets the phrase 'final by the conclusion of direct review' to include an opportunity to seek certiorari."  Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir. 1998) (quoting 28 U.S.C. § 2244(d)(1)(A)).  While in this case the parties dispute whether Petitioner filed a timely direct review of his underlying conviction, the ninety-day period seems to apply no matter how the Court decides the issue. 28 U.S.C. § 2244(d)(1)(A) provides that the period of limitations shall run from the latest of "the date on which the judgment became final or the expiration of the time for seeking such review." (emphasis added).  Accordingly, even though the circumstances of this case are slightly different from those in Smith, this Court, in order to best serve the interests of justice, reads the statute to include an opportunity to seek certiorari regardless of whether Petitioner timely filed a direct review.[1]  In calculating the limitations period for

---

[1] The Court notes the possibility that failure to seek timely direct review may run into conflict with United States Supreme Court Rule 13(1), which allows for a period of ninety days to file a petition for certiorari after the entry of order from a state high court denying review.  Without timely direct review, no entry of order from the highest court in the state would exist.  However, this issue need not be decided here.

Petitioner, Respondent has failed to take into account the ninety days after Petitioner's conviction became final during which he could apply for a writ of certiorari to the United States Supreme Court.  See Jihad, 267 F.3d at 804-05.  However, this is not fatal to Respondent's argument that the Petition is untimely.  As discussed below, Petitioner's contention that he had until November 2003 to file a petition for a writ of certiorari with the United States Supreme Court is without merit because Petitioner did not file a file a timely direct appeal from his original judgment of conviction.  Petitioner's ninety-day period in which to file a writ of certiorari with the United States Supreme Court must be calculated after the ninety-day period in which Petitioner could have filed a direct appeal of his underlying conviction.  Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998).

The Court finds that Petitioner's one-year period for federal habeas relief began to run on September 12, 2000, or 180 days after Law's original sentencing occurred on March 16, 2000.  The record in this case indicates that only Petitioner's original sentence was the subject of a direct appeal.  There is nothing to suggest that Petitioner was appealing his underlying conviction other than the fact that Petitioner characterized his March 30, 2001 notice of appeal to the Minnesota Court of Appeals as an appeal "from the district court's judgment and sentencing order."  (Resp't's

Mem. Opp'n Pet. Ex. E at 3.)  However, Petitioner's proposed issues to be raised on appeal had nothing to do with his underlying conviction.  (<u>Id.</u> at 4.)  Petitioner proposed to appeal whether the district court erred when it concluded that it was directed to execute a presumptive guidelines sentence and that the record was closed at the time of the resentencing hearing.  (<u>Id.</u>)  Both of these issues center on the resentencing order of January 4, 2001, not Petitioner's underlying conviction.  Moreover, assuming arguendo that a characterization such as "from the district court's judgment and sentencing order" would signal Petitioner's desire to challenge his underlying conviction, more than ninety days from the original conviction had passed by the time the notice of appeal was filed.  Hence, Petitioner's right to directly appeal his underlying conviction had already expired by March 30, 2001.

       Additionally, the transcript of Petitioner's resentencing hearing on January 4, 2001 indicates that Petitioner was merely being resentencing upon his earlier adjudication of guilt.  (Resp't's Reply to Pet'r's Resp. Ex. L at 12.)  Nothing in the resentencing transcript suggests that Petitioner was appealing his underlying judgment of conviction.  In fact, the resentencing transcript never even discusses Petitioner's original plea.  Consequently, the Court finds that Petitioner did not timely file a direct appeal of his underlying judgment of conviction.

Thus, by the Court's calculation, Petitioner's one-year limitations period began to run on September 12, 2000, and continued until it was stopped by the filing of his petition for post-conviction relief on January 25, 2001. 28 U.S.C. § 2244(d)(2). The total elapsed time in this instance was 135 days. Petitioner's withdrawal of this petition for post-conviction relief on February 2, 2001 started the clock running again until Petitioner's subsequent petition for post-conviction relief was filed on May 24, 2001. This constitutes an additional elapsed time of 111 days. On August 19, 2003, Petitioner's clock began again when the Minnesota Supreme Court denied further review of his conviction and his request for post-conviction relief.

Calculating the time from August 19, 2003 until the filing of the Petition in federal court on November 12, 2004 adds an additional 451 days of elapsed time to the existing periods of 135 days and 111 days, which places the Petition outside the federal habeas time limit of one year. The Court concludes that Law's Petition for Habeas Corpus filed in November 2004 is time-barred and recommends that it be denied on this basis.

This conclusion is supported by case law evaluating the impact of resentencing on whether a petition is considered second or successive under the AEDPA. Circuits addressing the issue have agreed that, under the AEDPA, when new claims originate at resentencing, those claims may be

- 14 -

brought in a subsequent habeas petition without obtaining permission from the circuit court before filing the petition. See, e.g., In re Taylor, 171 F.3d 185, 187-88 (4th Cir. 1999) (holding that when a prisoner raises new issues that originated at resentencing, the habeas petition raising those new issues is not second or successive); Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997) (finding that a petition challenging aspects of resentencing that could not have been raised in the first petition is not a second or successive petition within the meaning of § 2254); Galtieri v. United States, 128 F.3d 33, 37-38 (2d Cir. 1997) (observing that new petitions are not second or successive to the extent they seek to vacate a new, amended component of the sentence); United States v. Scott, 124 F.3d 1328, 1330 (10th Cir. 1997) (noting that a prisoner's motion to vacate was not successive where his first motion to vacate resulted in resentencing and reinstatement of his right to direct appeal). Here, Petitioner Law is not arguing that something occurred at his resentencing hearing which could not have been raised in an earlier petition. Rather, he is attempting to challenge his underlying conviction, an issue which is unrelated to what took place at the resentencing hearing.

### B.     **Equitable Tolling**

As noted above, the State of Minnesota filed an appeal of Law's original sentence. (Mem. Supp. Pet. App. 2 at 13.) On November 15, 2000,

- 15 -

the Minnesota Court of Appeals ruled in favor of the State of Minnesota and remanded the case for resentencing.  State v. Law, 620 N.W.2d 562, 566 (Minn. Ct. App. 2000).  Petitioner sought review of the decision by the Minnesota Court of Appeals, but the Minnesota Supreme Court denied such review on December 20, 2000.  (Resp't's Mem. Opp'n Pet. Ex. B.)  Alternatively, Petitioner asserts that even if his conviction was final on March 16, 2000, and even if his subsequent actions did not toll the statute of limitations for a sufficient length of time to place the Petition within the one-year period, this Court should find that his time was "equitably tolled" during the pendency of the State of Minnesota's sentencing appeal.  (Pet'r's Resp. Resp't's Opp. Mot. at 6.)  Petitioner contends that such tolling here would be consistent with the legislative intent that federal review should follow, not coincide with, state court proceedings.  (Id.)  Petitioner also suggests that equitable tolling serves the interests of judicial economy and is fair under the circumstances of this case.  (Id.)  Petitioner cites no case law in support of his equitable theories.  (Id.)

   The Eighth Circuit has determined that the statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling.  See Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001).  However, equitable

tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief:

> Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.  Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction.

Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (citations omitted). Petitioner has presented the Court with no extraordinary circumstances which entitle him to relief.  The State of Minnesota, by appealing Petitioner's original sentence, did nothing to prevent him from taking more timely action. Regardless, even if this Court found that the time during the State of Minnesota's appeal was equitably tolled, the 190-day period from June 13 to December 20, 2000 would not constitute enough time to place the Petition within the one-year limitations period according to the findings of this Court. Subtracting 190 days from the 697 days which elapsed (135 days plus 111 days plus 451 days, according to calculations detailed above) would leave Petitioner with an elapsed time of 507 days before he filed his Petition for a Writ of Habeas Corpus in federal court on November 12, 2004.

### III.   CONCLUSION

Finding no grounds for Petitioner Law's position that his incarceration violates the United States Constitution or other federal law, the Court recommends that Law's Petition for a Writ of Habeas Corpus be denied in its entirety.

Based upon the foregoing, and upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1)  Petitioner Jeffrey Douglas Law's Petition pursuant to 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) should be **DENIED**; and

(2)  Respondent's Motion to Dismiss (Doc. No. 4) should be **GRANTED**, and the matter should be **DISMISSED WITH PREJUDICE**.

Dated: May 17, 2005

                                            s/ Jonathan Lebedoff
                                            JONATHAN LEBEDOFF
                                            Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by June 6, 2005, a copy of specific, written objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All objections

and responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.